UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DAVID C. SUSSMAN,

    Plaintiff,

-vs-                                              Case No. 8:17-cv-186-T-27MAP

C. METCALF, et al.,

    Defendants.
_____/

## ORDER

**BEFORE THE COURT** are Defendants' Motion to Tax Costs (Dkt. 161), and Plaintiff's opposition (Dkt. 162). Plaintiff brought this action under 42 U.S.C. § 1983. On February 20, 2018, the Court entered judgment in favor of Defendants and against Plaintiff (Dkt. 160). Defendants, as prevailing parties, seek an award of costs incurred under Federal Rule of Civil Procedure 54 and Local Rule 4.18 (M.D.Fla.).

Defendants seek total costs in the amount of $155.45 under 28 U.S.C. § 1920, which sets forth the categories of trial expenses recoverable under Rule 54(d). Defendants request reimbursement for $60.45 in copying costs (Dkt. 161-2), and $95.00 for the court reporter's attendance fee at Plaintiff's October 10, 2016 deposition (Dkt. 161-3).

The court finds that the court reporter's fee is properly taxable. *See Smith v. Conner*, 2014 U.S. Dist. LEXIS 56465, 2014 WL 1652419 (M.D. Fla. April 23, 2014), *aff'd sub nom. Smith v. Warden Hardee Corr. Inst.*, 597 Fed. App'x 1027, 1032 (11th Cir. 2015) (taxing appearance fees); *Held v. Held*, 137 F.3d 998, 1002 (7th Cir. 1998) (although not specifically mentioned in 28 U.S.C. § 1920, deposition attendance fees charged by court reporter are taxable). *But see Newman v. Hous.*

*Auth. of the City of Fort Lauderdale*, 2007 U.S. Dist. LEXIS 6797, at *7 (S.D. Fla. Jan. 31, 2007) (Middlebrooks, J.) (court reporter's deposition appearance fees are not taxable as they are not "listed in § 1920"). And Defendants' costs for copies that were required to be served on Plaintiff are recoverable. *See* 28 U.S.C. § 1920(4) ("Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case" are taxable); *Desisto College v. Town of Howey-in-the-Hills*, 718 F. Supp. 906, 913 (M.D. Fla. 1989) ("Copies attributable to discovery, copies of pleadings, correspondence, documents tendered to the opposing party, copies of exhibits, and documents prepared for the court's consideration are recoverable."). Finally, the court declines to deny Defendants' motion or reduce the costs on the basis of Plaintiff's indigent status. *See Harris v. Forsyth*, 742 F.2d 1277 (11th Cir. 1984) (costs may be taxed against an indigent party); *Chapman v. AI Transport*, 229 F.3d 1012, 1039 (11th Cir. 2000) (a non-prevailing party's "financial status is a factor that a district court may, but need not, consider in its award of costs pursuant to Rule 54(d).").

Accordingly, Defendants' Motion to Tax Costs (Dkt. 161) is **GRANTED**. The **Clerk of Court** is directed to enter a judgment in Defendants' favor and against Plaintiff for taxable costs in the amount of $155.45.

**DONE and ORDERED** on March 22nd, 2018.

JAMES D. WHITTEMORE
United States District Judge

Copies to: Plaintiff *pro se;* Counsel of Record

2